

Signed and Filed: April 07, 2008

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PETER DEVENDRA SHANKAR,<br><br>                    Debtor.<br>_____<br>E. LYNN SCHOENMANN,<br><br>                    Plaintiff,<br><br>v.<br><br>SAVITRI SHANKAR,<br><br>                    Defendant.<br>_____ | ) Bankruptcy Case<br>) No. 05-33880DMLS<br>)<br>) Chapter 7<br>)<br>)<br>) Adversary Proceeding<br>) No. 07-3047DM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM DECISION

Plaintiff, E. Lynn Schoenmann, trustee for Debtor's Chapter 7 bankruptcy estate ("Plaintiff"), filed a Complaint for Avoidance of Unauthorized Pre-Petition Transfers and Recovery of Money, pursuant to 11 U.S.C. § 547(b),[1] to avoid and recover a preferential transfer made by Debtor, Peter Shankar ("Debtor") to Defendant, Savitri Shankar ("Defendant"). Defendant failed to

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, as enacted and promulgated prior to the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23.

provide initial disclosures, failed to respond to written discovery requests, and did not appear at trial on March 10, 2008. Despite the fact that Defendant failed to file an answer or appear at trial, the court proceeded to conduct the trial as a prove-up hearing. For the reasons set below, the court will award judgment to Plaintiff on her Complaint.

### I. DISCUSSION [2]

Plaintiff's evidence established the following events: Debtor made a payment in the amount of $27,496.00 to Defendant's attorney on October 20, 2004, of which a total of $19,337.75 was disbursed over three payments to Defendant, who is Debtor's mother and therefore an insider;[3] Debtor filed his voluntary petition on October 7, 2005; Defendant was a creditor and the payment was made on account of an antecedent debt; and the payment enabled Defendant to receive more than she would have received in Debtor's Chapter 7 case had the particular payment not been made. Thus, at the trial's conclusion, the court was satisfied that Plaintiff established the elements of an avoidable preferential transfer under section 547(b), except for Debtor's insolvency at the time of the transfer, pursuant to subsection (b)(3).[4]

---

[2] The following discussion constitutes the court's findings of fact and conclusions of law. Rule 7052 (incorporating by reference Fed. R. Civ. P. 52(a)).

[3] See section 101(31)(A)(I).

[4] Plaintiff demonstrated the elements set forth in sections 547(b)(1), (2), (4) and (5) existed.

11 U.S.C. § 547(b) provides: Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property--

-2-

Therefore, Plaintiff was allowed to file supplemental evidence by March 31, 2008, to prove Debtor's insolvency at the time of the transfer. On March 25, Plaintiff submitted a declaration from the Debtor, along with other supporting evidence, to prove Debtor's insolvency.

In her supplement, Plaintiff demonstrated Debtor's insolvency at two relevant points in time. First, approximately six months prior to the transfer, Debtor's financial condition is reflected in his Schedules of Assets and Debts, filed as part of his divorce proceeding, which indicate non-exempt assets of $59,081.76 and debts of $81,180.00 - rendering Debtor insolvent at that time. Second, the information contained in Debtor's bankruptcy schedules and statement of financial affairs, filed just less than one year after the transfer, and the statements made in his declaration, establishes his insolvency at the time of petition. The evidence indicates there to be no substantial changes in his assets or liabilities between those two periods of time.

A court may apply the principles of retrojection and

---

    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made-
        ...
        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
    (5) that enables such creditor to receive more than such creditor would receive if--
        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and
        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

-3-

projection to find that a debtor was insolvent at the time of the transfer. Gillman v. Scientific Research Prods. Inc. of Del. (In re Mama D'Angelo, Inc.), 55 F.3d 552 (10th Cir. 1995). See also Foley v. Briden (In re Arrowhead Gardens, Inc.), 32 B.R. 296, 301 (Bankr. D. Mass. 1983) *aff'd* 776 F.2d 379 (1st Cir. 1985). Those principles permit the use of insolvency evidence on a date before and after the preference date as competent evidence to meet the burden of proof on the issue of insolvency, absent any substantial changes in the debtor's assets or liabilities during the intervening period. In re Mama D'Angelo, Inc., 55 F.3d at 554.

Under the established principles of retrojection and projection, the court concludes that Plaintiff has proven Debtor was indeed insolvent at the time of the transfer, and thus she is entitled to a judgment against Defendant for avoidance and recovery of the preferential transfer in the amount of $19,337.75, pursuant to sections 547(b) and 550(a)(1).

## II. CONCLUSION

For the reasons stated above, Plaintiff is entitled to judgment on her Complaint for Avoidance of Unauthorized Pre-Petition Transfers and Recovery of Money. Debtor's payment to Defendant was a preferential transfer, avoidable by Plaintiff under section 547(b), and recoverable from Defendant under section 550(a)(1). Counsel for Plaintiff shall submit a separate judgment consistent with this Memorandum Decision. Counsel must comply with B.L.R. 9021-1.

*** END OF MEMORANDUM DECISION ***

```
1                        COURT SERVICE LIST

2   E. Lynn Schoenmann, Trustee
    800 Powell St.
3   San Francisco, CA 94108

4   Kristina Pollak, Esq.
    Stromsheim and Associates
5   201 California St., Ste. 350
    San Francisco, CA 94111
6
    Savitri Shankar
7   2312 Elliott St.
    San Mateo, CA 94403
8
    K. Keith McAllister, Esq.
9   Law Offices of K. Keith McAllister
    P.O. Box 864
10  Tiburon, CA 94920

11  United States Trustee
    235 Pine St., Ste. 700
12  San Francisco, CA 94104

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                -5-
```